The opinion of the Court was delivered by
Inglis, A. J.
The Act of December, 1866, (13 Stat. 425,) under the supposed authority of which the motion was made in the Court below, authorized the entry of an order pro confesso against an absent defendant, upon his failure to appear and defend within the time limited in the publication therein prescribed, and the notice advertises him of this.
According to the well established rule of equity practice, infants are not permitted to defend themselves. (1 Danl. Ch. Pr. 203.) When a defendant to a'suit is an infant, the Court appoints a proper person to put in his defence.for him.-- The omission to do that which he is not permitted to do cannot bedmputed to him as a default, nor his silence under such circumstances be interpreted into an admission of the truth of the plaintiff’s allegations.' If, however, it could be so regarded, the plaintiff would not thereby be relieved from the necessity of proving as against the infant the.whole case, upon which he relies. Eor an infant is not bound by any admissions, however made, except such as are for his benefit. (1 Danl. Ch. Pr. 216, 219.) An order pro confesso against an infant defendant would, therefore be a nugatory act such as the Court will never do.
The Act is, it is true, general in its terms, making no distinction between adult and infant defendants. In this respect it does not differ from the earlier statutes on this subject. (A. A. 1784, sec. 12, 7 Stat. 210; A. A. 1808, sec. 12-14, 7 Stat. 306.) From an examination of these Acts it seems very clear that in the enactment of no one of *83 them was the disability of infancy present to the mind of the Legislature, or any purpose entertained to alter, in so important a particular, the rules of equity practice. To substitute for the old methods of compelling appearance and defence, a formal judgment that the defendant has, by bis default, admitted the plaintiff’s case as stated; or to supply the want of actual service of process where a defendant is out of the jurisdiction by publication of notice; or to shorten the time of publication and notice in such case, seems manifestly to have been the single end proposed. The publication, which the motion in the Court below claimed, embraces, as has been stated, a notice that upon the expiration thereof without defence made, a decree pro confesso will be entered of record against the defendant, and the terms of the Act, where applicable, expressly entitle the plaintiff to such decree. Such a proceeding cannot be accorded against an infant, without the clearest demonstration of the legislative will to this effect.
‘This Court concurs in the opinion of the Chancellor that “the Act of Assembly of 1866, only applies to persons against whom a decree pro confesso may be taken by the practice of the Court;” and discovers no error in his refusal of the order proposed.
The appeal is dismissed.
Dunkin, C. J., and Wardlaw, A. J., concurred.

Appeal dismissed.